## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Jay E. Godino, having been duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since 2017. I am currently assigned to the Boston Field Office. My duties include (but are not limited to) investigating violations of federal firearm laws. I am a graduate of the ATF National Academy and of the Federal Law Enforcement Training Center. Prior to becoming an ATF Special Agent, I was a Framingham, Massachusetts Police Officer. I am also a graduate of Becker College where I received a bachelor's degree in Business Administration.

2. During my career, I have conducted and been involved in numerous firearm and drug related investigations. I have made arrests, seized evidence, conducted undercover operations, and executed search warrants. I have written affidavits in support of state and federal search warrants, executed state and federal search warrants, interviewed firearm traffickers, informants, and witnesses with knowledge of firearms and narcotics trafficking and firearms and narcotics trafficking organizations.

### Purpose of the Affidavit

3. This affidavit is being submitted in support of a criminal complaint charging Shawn CRAIG ("CRAIG") with being a felon in possession of a firearm and ammunition on or about October 26, 2022, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute and distribution of controlled substance(s) on or about September 12, October 20, and October 26, 2022, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

4.      According to CRAIG's criminal history records, in 2015, CRAIG was convicted of possession of a firearm with an obliterated serial number and possession of a stolen firearm in U.S. District Court for the District of Massachusetts and sentenced to a period of imprisonment exceeding one year.  CRAIG currently is on federal supervised release following his completion of a multi-year prison term in that matter.

5.      The facts in this affidavit come from my personal observations and review of records and other documents, my training and experience, and information obtained from other law enforcement officers and/or federal agents and witnesses.  This affidavit is intended merely to show that there is probable cause for the requested complaint and does not set forth all of the information that I have learned during this investigation.

### Probable Cause To Believe That a Federal Crime Was Committed

6.      In September 2022, members of the Massachusetts State Police (MSP) developed information identifying CRAIG as a source of supply for narcotics.  During their investigation, an undercover law enforcement officer ("UC") and CRAIG coordinated several meetups via phone communications.

7.      **First Controlled Purchase of Cocaine**.  On September 12, 2022, the UC called CRAIG, whom the UC knew as "Shizz" or "Shizz Mack," at phone number (857-204-8074 (the "–8074 number")), to coordinate a drug sale.  The UC and CRAIG arranged to meet in the area of 85 Woodcliff Road, Newton, Massachusetts.  On that date, members of the investigative team observed CRAIG leave his residence[1] and walk towards Woodcliff Road.  CRAIG entered the

---

[1] I am aware of CRAIG's address from my work on this investigation and my review of his CJIS Board of Probation records.  I have not included his personal address herein.  I know from my work on this investigation that CRAIG's address is in close proximity to the various addresses set forth herein at which CRAIG coordinated meetups with the UC.

front passenger seat of the UC's vehicle. CRAIG remained in the UC's vehicle for a short duration. CRAIG got out of the UC's vehicle, walked back to his residence, and entered it.

8.  Law enforcement debriefed the UC on that date. The UC stated that CRAIG entered the UC's vehicle. They had a brief conversation before the UC paid CRAIG $190 (in investigative funds) in exchange for a small plastic bag containing a white powdery substance, consistent with the appearance and packaging of cocaine. The meeting between CRAIG and the UC on this date was audio/video recorded. I subsequently reviewed the recordings and believe that CRAIG is the individual who met with and conducted the drug sale with the UC on this date. The substance was submitted for lab testing and determined to contain cocaine, a Class B controlled substance. The weight of the tested substance was approximately 3.11 grams.

9.  **Second Controlled Purchase of Cocaine**. On October 20, 2022, the UC placed a call to CRAIG at the -8074 number. CRAIG directed the UC (via text message) to meet in the area of 111 Hyde Street, Newton, Massachusetts. On that date, the UC traveled to that address and picked up CRAIG. CRAIG got into the front passenger seat of the UC's vehicle. CRAIG remained in the UC's vehicle for a short duration. CRAIG then exited the UC's vehicle. Law enforcement observed CRAIG walk back towards and subsequently re-enter his residence.

10. Law enforcement debriefed the UC on that date. The UC stated that CRAIG got into the UC's vehicle for the drug deal. The UC paid CRAIG $380 (in investigative funds) in exchange for two plastic baggies containing a white powdery substance consistent with the appearance of cocaine. The substance in at least one of the seized bags was submitted for lab testing and determined to contain cocaine, a Class B controlled substance. The weight of the tested substance was 3.39 grams. The weight of the untested substance (to include packaging) was 3.66 grams.

11. The meeting between CRAIG and the UC on this date was audio/video recorded. I subsequently reviewed the recordings and believe that CRAIG is the individual who met with and conducted the sale of the cocaine to the UC on this date.

12. **Relevant Communications Between UC and CRAIG**. In October 2022, CRAIG sent the UC pictures of a firearm from the -8074 number that he indicated he could acquire from an unknown person to sell. CRAIG told the UC that it was a .40 caliber firearm.

13. The UC and CRAIG discussed pricing for both the sale of the firearm and a quantity of cocaine. On or about October 21, 2022, CRAIG texted the UC from the -8047 number stating that he was in possession of the firearm and would only be keeping it for a short period of time at his girlfriend's apartment. Based on that information, the UC told CRAIG that he could plan to purchase the firearm that same week.

14. **Third Controlled Purchase of Cocaine and a Firearm**. On October 26, 2022, the UC contacted CRAIG at the -8074 number to coordinate a meetup for an anticipated drug and firearm purchase. CRAIG directed the UC (via text message) to meet at 70 Woodcliff Road, Newton, Massachusetts. On that date, the UC traveled to the provided location. CRAIG was observed leaving his residence wearing a black baseball cap, black jacket, and carrying a brown shopping bag. CRAIG then entered the UC's vehicle on Woodcliff Road near Rockledge Road. CRAIG remained in the UC's vehicle for a short time. Law enforcement then saw CRAIG get out of the UC's vehicle and walk on Woodcliff Road towards Boylston Street. CRAIG was observed walking down the driveway of his residence to the rear of the building before reemerging shortly after to rake leaves in the driveway.

15. The UC was debriefed on that date. The UC informed law enforcement that CRAIG got into the UC's vehicle, and the UC paid CRAIG $1,500 (in investigative funds) in exchange for

a Smith and Wesson pistol, three rounds of .40 caliber ammunition, a holster, and a plastic bag containing a white powdery substance consistent with the appearance of cocaine. The meeting between CRAIG and the UC on this date was audio/video recorded. I subsequently reviewed the recordings and believe that CRAIG is the individual who met with and conducted the sale of the pistol, ammunition, and a quantity of suspected cocaine to the UC on this date. The seized substance was submitted for lab testing and determined to contain cocaine, a Class B controlled substance. The weight of the tested substance was approximately 3.50 grams.

16. I subsequently examined the seized firearm and ammunition, i.e., the Smith & Wesson, Model: SD40VE, .40 caliber pistol bearing serial #FCY1110 and three rounds of "Blazer" .40 caliber ammunition. I determined that the frame of the recovered pistol was manufactured in Connecticut by Smith & Wesson Precision Components. I determined that the ammunition was manufactured by Vista Outdoor Inc. Through training and experience, I know Vista Outdoor Inc. to own several subsidiary companies/brand names, including (but not limited to) "Blazer," which were historically manufactured in Anoka, Minnesota and/or Lewiston, Idaho. Furthermore, I know that Vista Outdoor Inc. does not presently have (nor did it historically have) any manufacturing locations in the Commonwealth of Massachusetts. Thus, I believe that the firearm and ammunition had to travel in interstate commerce prior to their recovery.

17. On October 28, 2022, members of the Massachusetts State Police, ATF, and other law enforcement officers went to CRAIG's residence to execute an arrest warrant for CRAIG and a search warrant for his residence. CRAIG—who was present at the residence—was placed under arrest. During the search warrant's execution, MSP seized several items including (but not limited to) US currency, a quantity of a white powdery substance, and mobile devices.

18.     I have reviewed CRAIG's criminal history records as maintained by the Massachusetts Criminal History Systems Board and the Interstate Identification Index ("III"). As noted previously herein, based on my review of those records, I know that CRAIG has been convicted of multiple felonies, including a federal conviction for possession of a stolen firearm and possession of a firearm with obliterated serial number for which CRAIG served more than one year of imprisonment. I also learned that CRAIG was actively on Federal probation (supervised release) throughout the course of this investigation.

## CONCLUSION

19.     Based on the information described above, I have probable cause to believe that on October 26, 2022, Shawn CRAIG, being a person previously convicted of a crime punishable by more than one year in prison, knowingly possessed a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Additionally, I have probable cause to believe that on September 12, October 20, and October 26, 2022, Shawn CRAIG possessed a controlled substance (cocaine) with intent to distribute and distributed that substance in violation of 21 U.S.C § 841(a)(1) and (b)(1)(C).

Signed electronically and sworn to electronically in accordance with Federal Rule of Criminal Procedure 4.1 on January ___, 2023.

*Jay E. Godino /by Paul G. Levenson*
_____
Special Agent Jay E. Godino
Bureau of Alcohol, Tobacco, Firearms and Explosive

Subscribed to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on January 18th, 2023

_____
HONORABLE PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE

6